IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO.   10-cr-00602-JLK

UNITED STATES OF AMERICA,

      Plaintiff,

v.

JOE WALLACE PEEPLES, III,

      Defendant.

_____

### DEFENDANT'S SECOND MOTION TO DETERMINE DEFENDANT'S COMPETENCY
_____

COMES NOW the defendant Joe Wallace Peeples ("Mr. Peeples"), by and through Assistant Federal Public Defender Edward R. Harris and moves this Honorable Court pursuant to 18 U.S.C. § 4241(a) for a hearing to determine the mental competency of the defendant, and a psychiatric evaluation, pursuant to 18 U.S.C. § 4242. In support of this motion, counsel states as follows:

    1.    On December 22, 2010, Defendant filed a Motion to Determine Defendant's Competency (docket #13). (hereinafter referred to as "Motion" or "Defendant's Motion.")

    2.    By Minute Order dated January 12, 2011 (docket #14), this Court denied the motion "without prejudice to being re-filed with appropriate grounds for the relief requested."

    3.    Defendant submits that his originally filed Motion states adequate and appropriate grounds for relief under 18 U.S.C. § 4241(a) to the extent that he alleged that:

>based upon review of discovery and his interaction with the defendant, that there is "reasonable cause to believe ... that the defendant may be suffering from a mental disease or defect rendering him mentally incompetent...." Without disclosing the specific content of privileged communications, counsel's belief in this regard is based on statements made by the defendant to the FBI and counsel regarding both this case and other matters and the defendant's demeanor.

See Defendant's Motion ¶2.

4. Counsel is not sure what the Court believes to be deficient in the motion with respect to the grounds for relief. To the extent that he cited to the statute and represented that he believed Defendant to be incompetent based upon his observations of the Defendant, counsel thought that he had asserted sufficient grounds. Nonetheless, he will by this motion try to provide further information without compromising attorney-client privilege.

5. Counsel has personally met with Defendant and spoken with Defendant by telephone several times. On each of those occasions, Defendant exhibited behavior and said things which suggested to counsel that he did not have a firm grasp on reality. The gist of Defendant's conversations with counsel led counsel to believe that Defendant suffered from severe paranoia and delusions or auditory hallucinations which influenced his offense conduct, and that Defendant still suffers from those conditions. Further, counsel believes that Defendant's thought processes negatively affect his ability to assist properly in his defense.

6. Counsel is concerned that, absent a waiver of attorney-client privilege, he cannot disclose further details of his conversations with Defendant. And, given Defendant's mental condition and the pendency of a competency determination, Defendant cannot knowingly and intelligently waive privilege.

7.     In Defendant's original motion, counsel stated that he believed Defendant to "be suffering from a mental disease or defect rendering him mentally incompetent." He was quoting from 18 U.S.C. § 4241(a). Admittedly, counsel did not specifically represent that Defendant was "suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him *or to assist properly in his defense*." 18 U.S.C. § 4241(a) (emphasis added).  At this time, counsel does specially represent, based upon his review of the discovery, conversations with the Defendant, and observations of the Defendant that Defendant currently is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to assist properly in his defense. Counsel believes that as long as Defendant hears things that others are unable to hear and believes his actions to be directed by those imaginary directives, that he cannot assist counsel in his defense.

WHEREFORE, counsel respectfully renews his request originally set forth in Motion to Determine Defendant's Competency (docket #13) and asks that this Court issue such orders pursuant to 18 U.S.C. § 4241 as are appropriate to effectuate a determination of Defendant's competency, including, *inter alia*: 1) making a finding by a preponderance of evidence that the Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to assist properly in his defense; 2) committing Defendant to the custody of the Attorney General for hospitalization for treatment in a suitable facility for such suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and

consequences of the proceedings against him and to assist properly in his defense; and 3) ordering the director of that facility at the conclusion of the four month period or sooner to file a report with the Court concerning Defendant's mental condition and advising the Court whether Defendant's mental condition has sufficiently improved so that he may proceed with this case.

        Respectfully submitted,

        RAYMOND P. MOORE
        Federal Public Defender


        s/ Edward R. Harris
        Edward R. Harris
        Assistant Federal Public Defender
        633 17th Street, Suite 1000
        Denver, CO 80202
        Telephone: (303) 294-7002
        FAX: (303) 294-1192
        Edward_Harris@fd.org
        Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on January 12, 2011, I electronically filed the foregoing **DEFENDANT'S SECOND MOTION TO DETERMINE DEFENDANT'S COMPETENCY** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

David M. Conner, Assistant United States Attorney
    dave.conner@usdoj.gov

    s/ Edward R. Harris
    Edward R. Harris
    Assistant Federal Public Defender
    633 17th Street, Suite 1000
    Denver, CO  80202
    Telephone:  (303) 294-7002
    FAX:  (303) 294-1192
    Edward_Harris@fd.org
    Attorney for Defendant