**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
SENIOR JUDGE JOHN L. KANE**

Courtroom Deputy: Bernique Abiakam                  Date: December 12, 2012
Court Reporter: Janet Coppock
Probation Officer: Sue Heckman

Criminal Action No.: 10-cr-00602-JLK

_Parties:_                                                    _Counsel:_

UNITED STATES OF AMERICA,                         David M. Conner

     Plaintiff,

v.

JOE WALLACE PEEPLES, III,                             Edward R. Harris

     Defendant.

---

**SENTENCING MINUTES**

---

**10:03 a.m.    Court in session.**

Court calls case.  Appearances of counsel.  Defendant present in custody.

Preliminary remarks by the Court.

**ORDERED:   Government's Motion Regarding Acceptance of Responsibility (Filed
12/4/12; Doc. No. 59) is GRANTED.**

**ORDERED:   Government's Supplement To Motion To Award Defendant Maximum
Acceptance Of Responsibility Credit (Filed 12/11/12; Doc. No. 62) is
GRANTED.**

**ORDERED:   Motion To Dismiss (Filed 12/4/12; Doc. No. 60) is GRANTED.**

**Change of Plea Hearing:   September 20, 2012.**

**Defendant plead guilty to Counts Three and Four of the Indictment.**

Parties received and reviewed the presentence report.

The Government, defense counsel, and defendant were given an opportunity to make statements before sentencing.

Comments and rulings by the Court.

**ORDERED:   Defendant's Motion For A Variant Sentence (Filed 11/13/12; Doc. No. 56) is GRANTED.**

**THE DEFENDANT IS SENTENCED AS FOLLOWS:**

**IMPRISONMENT:**
Defendant is sentenced as to Count Three to a term of imprisonment of 72 months, and as to Court Four to a term of imprisonment of 72 months , such term to be served concurrently.

It is the recommendation of this Court that the Defendant is given credit for time already served.

**SUPERVISED RELEASE:**
Upon release from imprisonment, defendant shall be placed on supervised release for a period of 3 years as to each of Counts Three and Four to run concurrently.

**Conditions of supervised release:**
- (X)   Within 72 hours of release from the custody of the Bureau of Prisons, defendant shall report in person to the probation office in the district to which the defendant is released.
- (X)   Defendant shall not commit another federal, state or local crime.
- (X)   Defendant shall not possess a firearm or destructive device.
- (X)   Defendant shall comply with the standard conditions adopted by the Court.
- (X)   Defendant shall not illegally possess controlled substances.
- (X)   Defendant shall refrain from the unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance.
- (X)   Defendant shall cooperate in the collection of DNA as directed by the probation officer.
- (X)   If the judgment in this case imposes a fine or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the schedule of payments set forth

*10-cr-00602-JLK*
*Sentencing*
*December 12, 2012*

in the judgment.

**Special conditions of supervised release:**

(X)     Defendant shall participate in a program of testing and treatment for substance abuse as directed by the probation officer until such time as the defendant is released from the program by the probation officer.

(X)     Defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment.  Defendant will be required to pay the cost of treatment as directed by the probation officer.

(X)     Defendant shall participate in a program of mental health treatment as directed by the probation officer until such time as defendant is released from the program by the probation officer.  Defendant shall pay the cost of the treatment as directed by the probation officer.

(X)     The Probation Officer is authorized to release to the treatment agency all psychological reports and/or presentence reports for continuity of treatment.

(X)     Defendant shall reside in a residential reentry center for a period of up to 6 months to commence upon his release from the Bureau of Prisons and shall observe the rules of that facility.

(X)     Defendant shall remain medication compliant and shall take all psychotropic medications that are prescribed by his treating psychiatrist. The defendant cooperate with random blood tests as requested by his treating psychiatrist and/or his supervising probation officer to ensure that a therapeutic level of his prescribed medications is maintained.

(X)     Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless defendant is in compliance with the installment payment schedule.

(X)     Defendant, as directed by the Probation Officer, shall apply any monies received from income tax refunds, lottery winnings, inheritances, judgments or any anticipated or unexpected financial gains to the outstanding court order financial obligation in this case.

(X)     Defendant shall work with the probation officer in the development of a monthly budget  which shall be reviewed with the probation officer quarterly.

**FINE:**

No fine is imposed because the defendant has no ability to pay a fine.

**RESTITUTION:**

Defendant shall pay restitution in the total amount of $16,800 as follows:

US Bank - $5360

3

*10-cr-00602-JLK*
*Sentencing*
*December 12, 2012*

TCF Bank - $3870
First Bank - $3800
Bank of Denver - $3770

Restitution obligations are due immediately.  This obligation shall be due and payable during the period of incarceration, with any unpaid balance being paid during the term of supervised release as directed by the probation officer.  The payment will be calculated as at least 10% of Defendant's gross monthly wages.

Any monies seized from the Defendant at the time of arrest, which were taken from the victims and are currently being held by the government, are to be returned to the victims as soon as practicable and credited to the restitution amounts ordered.

Interest is waived.


**SPECIAL ASSESSMENT FEE:**
Defendant shall pay a Special Assessment Fee of $ 200.00, due immediately.

Defendant is advised of the right to appeal.

**ORDERED:   The Bureau of Prisons shall take cognizance of the psychiatric reports it has already prepared, and that the Defendant continue to receive his medication, and he be housed in a facility where he can receive full mental health treatment during the period of his incarceration.**

This Court recommends that the Defendant be incarcerated at the Federal Medical Center for prisoners in Springfield.

**ORDERED:**  Defendant is remanded to the custody of the United States Marshal for the District of Colorado.

**10:38 a.m.    Court in recess.**
Hearing concluded.
Total in-court time: 35 minutes.